**In re Sundry Cemetery Trusts (No. 1)**

*Samuel H. High, Jr.*, for petitioner.

TAXIS, P. J., January 31, 1972.—This petition has been filed by Industrial Valley Bank and Trust Company, trustee of the 26 cemetery trusts enumerated in

the decree following this opinion. The trusts are small and are administered separately, and all are perpetual. The principal balances of the trusts, determined as of September 7, 1971, range from a low of $502.05 to a high of $5,974.22, but the average amount in each account is approximately $1,000. Most are very old, the oldest dating from 1906. There are also unexpended income balances in most of the trusts.

It is not necessary to set forth the exact terms of each trust, because all are for the permanent maintenance of graves or cemetery lots. Some require other acts as well, such as the placing of flowers, and one or two allow expenditures for general church purposes. The petition recites that because of the small size of the individual trusts, the separate investment of principal is difficult and costly, and the trustee is handicapped and prevented from obtaining the return necessary to fulfill the trust purposes. Petitioner, therefore, seeks permission to consolidate the trusts into one account, and to apportion the income derived thereafter from this account to each trust in proportion to the original principal contribution.

No specific authority has been furnished the court which authorizes such a consolidation, even of cemetery trusts. Nevertheless, we think our authority to control the administration of such trusts (Orphans' Court Act of August 10, 1951, P. L. 1163, art. III, §301(2), 20 PS §2080.301), should permit such a procedure when it will be to the best interests of the trusts and their objectives. We are authorized to combine charitable trusts, where separate ones exist for substantially the same purpose (Estates Act of April 24, 1947, P. L. 100, sec. 9, 20 PS §301.9); and although cemetery trusts are not regarded as charitable trusts for all purposes, we regard this statute as helpful and in harmony

with our decision, even if not controlling. It has been said, of course, that cemetery trusts are not trusts at all, because they lack a named beneficiary (Devereux's Estate, 48 D. & C. 491, 499); however, they do not lack a purpose, and, in addition, are exempted from the rule against perpetuities, along with other charitable gifts: Estates Act of April 24, 1947, supra, sec. 4(c), 20 PS §301.4(c). Moreover, if the trustee here were a cemetery company, or cemetery companies, as is permitted by our statutory law, such a combination would be specifically authorized: Business Corporation Law, May 5, 1933, P. L. 364, art. II, sec. 209.2, 15 PS §1209.2; Non-Profit Corporation Law of May 5, 1933, P. L. 289, art. IV, sec. 315, as amended, 15 PS §7315. Finally, in the event that the funds of one or more of these trusts would have to be traced in the future, it would be entirely feasible to do so, because the Industrial Valley Bank and Trust Company will remain trustee of the combined account, and the fraction of it attributable to any original trust could always be readily determined and, if necessary, separated.

Accordingly, the petition is approved, and we enter the following

## DECREE

And now, this January 31, 1972, upon petition of Industrial Valley Bank and Trust Company, trustee, and upon motion of Samuel H. High, Jr., attorney for petitioner, it is ordered, adjudged and decreed that the trustee is authorized and empowered to consolidate into one fund the following cemetery trusts: Income derived from said fund shall be apportioned hereafter to each of the aforesaid trusts in proportion to said trust's original share of said fund.